## 9074

### BAIRD v. WEATHERFORD ET AL.

(85 S. E. 59.)

AGRICULTURAL LIENS. PROCEEDINGS TO ENFORCE. COSTS.

1. AGRICULTURAL LIENS—PROCEEDINGS TO ENFORCE—VERDICT.—Where a landlord instituted proceedings under Civil Code 1912, sec. 4166, to seize certain cotton, as subject to his landlord's lien for rent, and this claim being denied by a subtenant, the question whether or not the landlord had waived his lien on half of the crop in favor of the subtenant, was submitted to a jury, and a verdict rendered in favor of the landlord for only one-half of the crop; this was in effect a verdict in favor of the subtenant, the prevailing party, for the other half of the crop.

2. COSTS—PROCEEDINGS TO ENFORCE AGRICULTURAL LIENS.—The prevailing party in proceedings for the enforcement of agricultural liens is entitled to recover costs, which are to be paid out of the funds in Court, before the net proceeds are applied to payment of the amounts found due the parties.

3. AGRICULTURE—LIENS—FORECLOSURE—EXPENSES.—Under Civil Code 1912, secs. 3062-3064, providing for foreclosure of agricultural liens and requiring the clerk to issue his warrant and the sheriff to seize the crop and sell it for cash and pay over the net proceeds in extinguishment of amount due, the officers should be paid for their services out of the proceeds and the balance applied to the debt due.

4. COSTS—PARTIES LIABLE—STATUTORY PROVISIONS.—In equity and under Code Civil Proc. 1902, sec. 326, a defendant, in a proceeding to foreclose an agricultural lien, who claims one-half of the crops free from the lien and makes out his case and shows that he was without fault in bringing about the litigation, was entitled to his costs.

Before GARY, J., Darlington, December, 1913. Affirmed.

On January 18, 1909, A. T. Baird, trustee, rented 45 acres of his Dovedale plantation to R. L. Weatherford for the year 1909, for 15 bales of cotton weighing 500 pounds each, and took three separate rent liens for five bales each. On the same day Weatherford entered into a share crop contract with C. K. Dudley, in which he agreed to furnish 40 acres of the same land, to be planted in cotton, 600 pounds of fertilizer and 100 pounds of nitrate of soda per acre and to pay for one-half of the ginning and bagging and ties, and Dudley agreed to furnish and feed the stock, pre-

pare the land, plant, cultivate and market the crop and pay
for one-half of the ginning, bagging and ties, and was to
receive for his services one-half of the entire crop. The
crop was made, largely harvested and divided between the
share croppers, when, on October 12, 1909, the plaintiff, A.
T. Baird, trustee, had the clerk of Court issue a warrant to
seize the crop under section 3062, volume I, Code of Laws
1902. In due time the defendant, Dudley, gave notice in
writing to the sheriff, accompanied with the usual affidavit,
that the amount claimed was not justly due.

The cause was referred to Robert Macfarlan, Esq., Judge
of Probate for Darlington county, as special referee, who
filed the following report:

"The case first above mentioned was referred to me by his
Honor, Judge R. C. Watts, by order, December 15, 1910,
to determine what portion of the funds in the hands of the
sheriff arising from sale of crops seized and sold in the case
first above stated shall be paid out to each of said parties.

I beg leave to report that I have taken the testimony
herewith filed and find:

That this cause arose under proceeding instituted by A.
T. Baird, trustee, against R. L. Weatherford and Charley
Dudley to seize crop under lien, a warrant therein being
issued October 12, 1909; the affidavit upon which said war-
rant was issued, made by Dr. Baird, claimed fifteen bales
of lint cotton, weighing 500 pounds each. There were three
separate leases and lien papers for five bales of cotton each,
embraced in the fifteen bales claimed by Baird, trustee
After seizure of cotton and cotton seed by the sheriff under
the warrant referred to, Charley Dudley gave notice to
the sheriff that the amount claimed by Baird, trustee, for
rent was not justly due to him, and requiring proceeds of
sale of such crops to be held as provided in section 3062,
volume I of the Civil Code. The Edwards Company filed
with the sheriff an affidavit claiming to be assignees of one
of said rent liens and as owners thereunder of five bales of

cotton seized by the sheriff under proceedings first named. Upon the issue made by the affidavit under which warrant to seize crop was issued, and the notice and affidavit of Charles Dudley, a trial was had before Judge DeVore and a jury. There was but one question really submitted to the jury upon the hearing of that issue, and that was, whether or not Baird, trustee, waived his lien for rent from the share of the crop that would go to Charles Dudley. This was of necessity the only issue before the Court, for no one up to that time or since has denied Baird's right as between himself and Weatherford to recover Weatherford's interest in the crop; the jury was clearly instructed by the Judge at the last, that their verdict should be in either event, whether Dudley's half of the crop was covered by the lien or not, in favor of the plaintiff, but whether or not Baird had waived his lien would determine amount of the verdict. In the event that it had not been waived, then the jury should find a verdict for fifteen bales of cotton for the plaintiff, but if they found that the lien on Dudley's share had been waived their verdict should be for the plaintiff for one-half of twenty-six bales of cotton, which was the total crop raised by Dudley and Weatherford on these lands on shares. The verdict of the jury was, 'We find for the plaintiff one-half of twenty-six bales of cotton or the value in money.' On this verdict Baird, trustee, on November 23, 1910, entered up judgment thereon. From this judgment and verdict there is no appeal. This verdict and judgment is final as between all parties involved, binding upon me, and is conclusive that Baird, trustee, waived his lien as against Dudley's share of the crop, and that the verdict, while following the form given to the jury by his Honor, was in fact and effect a verdict in favor of the defendant, Dudley, for one-half of the crops raised on the lands of the plaintiff and himself and Weatherford. I find that the twenty-two bales of cotton seized and sold by the sheriff brought $1,444.41 (or $64.65 per bale), and that the

cotton seed brought $79.69.   Dudley had, before the seizure by the sheriff, received four bales of cotton on account of his share.   I therefore conclude and find that Dudley should receive the proceeds of nine bales of the cotton ($590.85), and one-half of proceeds of cotton seed ($39.84), or $630.69.

Question is made as to the costs.   As to the costs in the reference to me I think there can be no question; But whether costs can be taxed for proceedings in the trial of the issue made before the jury seems to be the question.

There is no general provision of law whereby in special proceedings costs can be taxed as in actions.

But in the statutes (volume I, Civil Code, sections 3052-3054) providing method, etc., of foreclosing agricultural liens it is provided that the clerk of Court shall issue his warrant, require an undertaking or bond, and the sheriff shall seize the crop, sell it for cash, 'and pay over the net proceeds thereof, etc., in extinguishment of the amount then due.' It cannot be held that these officers should not be paid what the fee bill gives them for their services, while the fact that the statute requires the paying over only of the net proceeds intends that in this instance the fees for officers shall be paid from such proceeds first and the balance applied to the debt due.

The defendant, Dudley, having to the satisfaction of the jury established his right to one-half of the crops as evidenced by the verdict above referred to, without any diminution of his claim shows that he was without fault in bringing about the litigation which has taken place on account thereof, and in equity as well as in law I think him entitled to his costs and I find that he is entitled thereto.   Code Civil Proc. 1902, vol. II, sec. 326."

On exceptions to this report it was affirmed by the Circuit Court.   From the order affirming the report of the probate Judge and giving judgment accordingly, A. T.

Baird, landlord, appeals.    The facts are stated in the foregoing report.

*Mr. Geo. W. Brown,* for appellant, submits : *Judgment on verdict rendered question res judicata:* 19 S. C. 247; 81 S. C. 519.    *There was no considertion for landlord's alleged waiver of lien:* 6 A. & E. Ency. L. 688; 2 Misc. Rep. (N. Y. C. Pl.) 293; 4 Johns. 84; 91 Hun. 375; 2 El. & Bl. 476; 75 E. C. L. 476.    *Sale of crop without consent of lienee void:* Crim. Code, sec. 447; 15 A. & E. Ency. Law 939, par. C. *Parol assignment of lease void:* Civil Code, secs.3736, 3737; ' 29 S. C. 544; 36 S. C. 544; 71 S. C. 404; 47 S. C. 430; 27 S. C. 348.    *Costs not recoverable in special proceedings:* 13 S. C. 403; 4 S. C. 388, 402; 25 S. C. 584.

*Messrs. W. F. Dargan* and *J. R. Coggeshall,* for respondent, submit : *Judge's charge submitting issues to jury in these special proceedings, shows the real issues decided:* 15 S. C. 202; 41 S. C. 174.    *No provision for entry of judgment:* Civil Code 4166.    *Costs in discretion of the Court:* Code Civil Proc. 365; 13 S. C. 406; 88 S. C. 428.

April 20, 1915.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

For the reasons stated in the report of the Probate Judge, which was confirmed in all respects by his Honor, the Circuit Judge, the judgment of the Circuit Court is affirmed.  ·